IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

───────────────────────────────

GREGORY PELTON,

                    Petitioner,

   v.                                                   Civil Action No.
                                                     9:03-CV-0004 (LEK/DEP)

GEORGE DUNCAN, Superintendent,

                    Respondent.

───────────────────────────────

APPEARANCES:                   OF COUNSEL:

FOR PETITIONER:

GREGORY PELTON, *pro se*

FOR RESPONDENT:

HON. ELIOT SPITZER              NELSON R. SHEINGOLD, ESQ.
Office of the Attorney General     Ass't Attorney General
State of New York
Litigation Bureau
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

     Petitioner Gregory Pelton, a New York State prison inmate as a

result of a 1999 conviction for murder in the second degree, has

commenced this proceeding seeking federal habeas intervention pursuant

to 28 U.S.C. § 2254.  In his petition, Pelton argues that his guilty plea was

not knowingly and voluntarily entered, particularly given his age, and that

he received ineffective assistance from his trial attorney while being

counseled prior to the entry of that plea.  Respondent opposes Pelton's

petition, arguing that the two grounds now raised are both procedurally

barred and lacking in merit.

Having reviewed the record now before the court, in light of

petitioner's arguments, I agree with respondent that the two grounds

asserted in Pelton's petition are both procedurally forfeited and legally

deficient, and therefore recommend denial of his petition.

I.   BACKGROUND

On or about July 13, 1999 the petitioner and a co-defendant, Andre

Alexander, were indicted by an Albany County grand jury and charged with

two counts of murder in the second degree and one count of attempted

robbery in the first degree.  *See* State Court Records at pp. 27-29.[1]  Those

---

[1]   With his opposition to the petition respondent George Duncan, through the office of the New York State Attorney General, has provided the court with various state court records relevant to the petition in this matter.  *See* Dkt. Entry dated April 30, 2003.  The court appreciates the submission of those documents, which have been collated, paginated and indexed for the convenience of the parties and the court.  Those records will hereinafter be cited simply as "SCR

charges stem from an incident which occurred on July 3, 1999, when

petitioner and two accomplices, armed with knives, confronted their victim

in Washington Park, located in Albany, New York; stabbed him repeatedly,

resulting in his death; and stole his property.  SCR 9-12.

On August 10, 1999, represented by counsel and accompanied by

his mother, petitioner appeared in Albany County Court before County

Court Judge Thomas Breslin and, pursuant to a negotiated agreement,

entered a plea of guilty to a single count of murder in the second degree, in

return for a promise that he would receive the minimum allowable sentence

for that crime – an indeterminate prison sentence of between fifteen years

and life.  SCR 1-14.  At the time his plea was entered, Pelton was

seventeen years old.  SCR 13-14.  Petitioner was sentenced, in

accordance with the entry of his plea and the plea agreement, on

September 21, 1999 by Albany County Judge Breslin, principally to the

agreed-upon term of life imprisonment, with a minimum of fifteen years.

SCR 110.

Petitioner appealed his conviction to the New York State Supreme

Court Appellate Division, Third Department, claiming that his plea was both

_____

\_\_".

3

involuntary and the product of ineffective assistance of counsel.  SCR 16-
25.  The Third Department found that while his waiver of a right to appeal
his conviction did not preclude review of any claims regarding the
voluntariness of his guilty plea or the effectiveness of the assistance
received from his counsel, as related to the plea's validity, the arguments
raised by Pelton were not preserved for appellate review in light of his
failure to either move to vacate the judgment of conviction or withdraw his
guilty plea.  *People v. Pelton*, 289 A.D. 697, 697, 733 N.Y.S.2d 654, 654
(3d Dept. 2001).  That court went on to conclude in any event that based
upon its review of his plea allocution, Pelton's guilty plea was knowing and
voluntary and did not result from his having received constitutionally
inadequate assistance of counsel.  *Id.* at 697-98, 733 N.Y.S.2d at 654-55.
Petitioner's conviction was therefore unanimously affirmed by that court.
*Id.* at 698, 733 N.Y.S.2d at 655.  An application by Pelton for leave to
appeal to the New York State Court of Appeals was subsequently denied
on February 28, 2002.  *People v. Pelton*, 97 N.Y.2d 732, 767 N.E.2d 162,
740 N.Y.S.2d 705 (2002).  Aside from his direct appeal and the
commencement of this proceeding, petitioner has taken no other steps to
challenge his conviction, either directly or collaterally.  Petition (Dkt. No. 1)

4

¶ 10.

II.    PROCEDURAL HISTORY

Petitioner commenced this proceeding on January 2, 2003.[2]  Dkt. No. 1.  In his petition, Pelton asserts that his guilty plea was not knowing and voluntary, and was the result of ineffective assistance of counsel.  *See* Dkt. No. 1.  Appropriately named as the respondent in Pelton's petition is George Duncan, Superintendent of the Great Meadow Correctional Facility, in which petitioner was held at the relevant times.  *Id.*

On April 30, 2003, the court received and filed a response to Pelton's petition, accompanied by a memorandum of law.  Dkt. Nos. 10, 11.  In opposition to the petition, respondent argues that petitioner's claims are procedurally barred, and in any event lack merit.

Pelton's petition, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

---

[2]    Because the petition filed by Pelton was not signed, by order issued by District Judge Lawrence E. Kahn on January 17, 2003 he was directed to file an affidavit certifying to its contents pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 4.  An affidavit in compliance with that directive was subsequently received by the court, and filed on February 3, 2003.  Dkt. No. 5.

III.    DISCUSSION

A.    Procedural Default

The two grounds now asserted by Pelton in his petition – the alleged involuntariness of his plea and inadequacy of his attorney's representation in counseling him prior to the plea – were raised in support of his appeal from the judgment of conviction entered against him.  *See* SCR 18-25. Both arguments were rejected by the Third Department as unpreserved for appellate review in view of Pelton's failure to either move to vacate his conviction or for leave to withdraw his guilty plea.  *See Pelton*, 289 A.D.2d at 697, 733 N.Y.S.2d at 654.  Respondent asserts that this finding effectively precludes Pelton from relying upon those unpreserved grounds in support of his request for federal habeas intervention.

1.    Independent and Adequate State Grounds

As a matter both of comity, and in keeping with the principles of federalism, a federal court ordinarily will not review a federal claim presented in a habeas petition if it has been rejected by the state courts on a ground which is both "independent and adequate[.]"  *Coleman v. Thompson*, 501 U.S. 722, 736, 111 S. Ct. 2546, 2558 (1991); *Monroe v. Kuhlman*, 433 F.3d 236, 240-41 (2d Cir. 2006); *Brown v. Greiner*, 409 F.3d

523, 532 (2d Cir. 2005).  While a procedural forfeiture is typically the

product of a failure to comply with a state's requirements regarding timely

presentment of issues to the court, the question of whether a default

discerned by a state court is sufficiently adequate and independent to

preclude federal habeas review is governed by federal law.  *Monroe*, 433

F.3d at 241.

Addressing the issue of adequacy, the Second Circuit has observed

that

> a procedural bar will be deemed adequate only if it
> is based on a rule that is firmly established and
> regularly followed by the state in question.  When a
> federal court finds that the rule is inadequate under
> this test the rule should not operate to bar federal
> review.  Nonetheless, the principles of comity that
> drive the doctrine counsel that a federal court that
> deems a state procedural rule inadequate should
> not reach that conclusion lightly or without clear
> support in state law.

*Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999) (internal citations and

quotation marks omitted).  As may be self-evident, a state court

determination is sufficiently independent, for purposes of this rule, if it is

divorced from and bears no relation to the merits of the federal law claim

presented.  *See Brown*, 409 F.3d at 532.  When addressing the question of

procedural forfeiture, a court should presume that there is no independent

7

and adequate state ground for a state court decision when the decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion[.]'" *Coleman*, 501 U.S. at 733, 111 S. Ct. at 2556 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41, 101 S. Ct. 3469, 3476 (1983)).

For a federal court to deny habeas review based on the independent and adequate state ground doctrine, it must be clear that the state court actually relied upon the procedural bar as an independent basis for its disposition of the claim.  *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000).  In a case where both procedural and substantive arguments have been advanced by the parties but no opinion is issued by the state court explaining its rejection of a claim, a federal court may properly assume that the state court based its decision on state procedural grounds absent "good reason" to believe the state courts' silence represents a decision to deny the claim on its merits.  *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir. 1993).  In instances where a state court has expressly found both a failure to preserve the argument for appellate review and alternatively or "in any event" that the argument lacks merit, the

8

procedural bar applies.  *Fama*, 235 F.3d at 810 n.4 (citing *Glenn v. Bartlett*, 98 F.3d 721, 724-25 (2d Cir. 1996) and *Velasquez v. Leonardo*, 989 F.2d 7, 9 (2d Cir. 1990)).  If there is ambiguity, however, as in "when a state court uses language such as '[t]he defendant's remaining contentions are either unpreserved for appellate review or without merit,' the validity of the claim is preserved and is subject to federal review."  *Fama*, 235 F.3d at 810; *see also Coleman*, 508 U.S. at 735, 111 S. Ct. at 2557.

The record firmly establishes that the state court's rejection of both petitioner's plea withdrawal argument and his ineffective assistance of counsel argument was based upon his failure to preserve them for appeal. Speaking to those arguments, the Appellate Division found that the claims had not been preserved in light of Pelton's failure to move either to vacate the judgment of conviction or to withdraw his guilty plea.[3]  This state court

---

[3]      As respondent argues, a claim of the ineffective assistance of counsel in failing properly to investigate a claim is generally not one which is considered on a direct appeal, since ordinarily the facts that the attorney failed to investigate are, by definition, not part of the record; instead, such a claim is normally the subject of a motion to vacate a conviction brought under N.Y. Criminal Procedure Law § 440.10.  *Vega v. Artuz*, No. 97 CIV 3775, 2002 WL 252764, at * 15 (S.D.N.Y. Feb. 20, 2002) (citing *United States v. Leone*, 215 F.3d 253, 255-56 (2d Cir. 2000) and *Billy-Eko v. United States*, 8 F.3d 111, 115 (2d Cir. 1993)).  In this instance petitioner failed to file such a collateral challenge, thereby depriving the state courts of a full and fair opportunity to address this constitutional claim.  Thus, it could be effectively argued that petitioner's ineffective assistance of counsel claim, to the extent that it is bottomed upon his attorney's failure to investigate, has not yet been fully exhausted through the filing of a section 440.10 motion.

finding constitutes recognition of an independent and adequate state ground for rejection of petitioner's arguments. *Brea v. New York City Probation Dept.*, No. 03 Civ. 4822, 2004 WL 389011, at *6-*8 (S.D.N.Y. Mar. 3, 2004).  My review of these grounds is therefore conditioned upon a finding of a proper basis for excusing or overlooking petitioner's default.

2.   <u>Potential Relief from Procedural Default</u>

A federal court may not engage in habeas review of a procedurally defaulted claim unless the petitioner demonstrates either 1) both good cause for and actual prejudice resulting from his procedural default, or 2) that the denial of habeas relief would leave unremedied a fundamental miscarriage of justice.  *Fama*, 235 F.3d at 809; *Garcia*, 188 F.3d at 76-77; *Levine v. Comm'r of Correctional Servs*., 44 F.3d 121, 126 (2d Cir. 1995). Under this second exception, which is both exacting and intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent[,]" *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986); *see also House v. Bell*, No. 04-8990, ___ S. Ct. ___, 2006 WL 1584475, at *13 (June 12, 2006); *Lebron v. Mann*, 40 F.3d 561, 564 (2d Cir. 1994), "the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to

the imperative of correcting a fundamentally unjust incarceration.'"  *Murray*,

477 U.S. at 495, 106 S. Ct. at 2649 (quoting *Engle v. Isaac*, 456 U.S. 107,

135, 102 S. Ct. 1558, 1576 (1982)).

To establish "cause" sufficient to excuse a procedural default, a

petitioner must show that some objective external factor impeded his or her

ability to comply with the relevant procedural rule.  *Coleman*, 501 U.S. at

753, 111 S.Ct. at 2566-67 (citing *Murray*, 477 U.S. at 488, 106 S. Ct. at

2645); *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999) (citing, *inter*

*alia*, *Coleman*).  Examples of such external mitigating circumstances can

include "interference by officials," ineffective assistance of counsel, or that

"the factual or legal basis for a claim was not reasonably available" at trial

or on direct appeal.[4]  *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645.

The only potential cause for his failure to preserve either of the

claims now raised for appellate review is the ineffectiveness of the

assistance received from his counsel.  Because, as will be seen, I find the

appellate court's finding that petitioner did not receive constitutionally

---

[4]        It should be noted, however, that "[a]ttorney ignorance or
inadvertence is not 'cause' because the attorney is the petitioner's agent when
acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear
the risk of attorney error.'"  *Coleman*, 501 U.S. at 753, 111 S.Ct. at 2566-67
(quoting *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645.

deficient representation does not represent an unreasonable application of well-established Sixth Amendment jurisprudence, including cases emanating from the Supreme Court, petitioner has failed to offer and substantiate cause for his failure to preserve the claims for review.  In light of this deficiency I need not decide whether petitioner also suffered actual prejudice, since federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated.  *See Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Staley v. Greiner*, No. 01CIV.6165, 2003 WL 470568, at *7 (S.D.N.Y. Feb. 6, 2003) (citing *Stepney*); *Pou v. Keane*, 977 F.Supp. 577, 581 (N.D.N.Y. 1997) (Kahn, J.).

Additionally, I find no basis to conclude that Pelton is actually innocent of second degree murder, or that my failure to consider the merits of his claims would result in a fundamental miscarriage of justice, which has been interpreted as amounting to "an unjust incarceration."  *Spence v. Superintendent, Great Meadow Corr. Fac.*, 219 F.3d 162, 170 (2d Cir. 2000).  During his plea allocution Pelton acknowledged his complicity in the murder in question.  SCR 9-12.  Specifically, Pelton acknowledged being in Washington Park on the date in question between midnight and

12

3:00 am with two other individuals; having formulated a plan with those individuals to rob someone; and having carried out that plan, stabbing the victim in the process.[5]  SCR 9-12.

Under these circumstances I find that petitioner has procedurally defaulted with regard to the grounds now raised in his petition, and there is no basis to relieve him of that procedural default.

B.   Standard of Review

In the event this court is inclined to reach the merits of petitioner's claims, as the Third Department did, petitioner's claims must be analyzed under the deferential standard now applicable in such cases.

Enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), brought about significant new limitations on the power of a federal court to grant habeas relief to a state court prisoner under 28 U.S.C. § 2254.  Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of

---

[5]      During his plea allocution petitioner acknowledged possessing a knife at the time in question, and that each of the three individuals utilized a knife during the course of the incident.  SCR 11-12.  At sentencing, however, petitioner denied using his knife during the course of the attack, essentially maintaining that he had lied during the course of his plea allocution when stating otherwise.  SCR 107-08.

rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001) (quoting § 2254(e)(1)) (internal quotes omitted). Significantly, a federal court may not grant habeas relief to a state prisoner on a claim

> that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir.), *cert. denied*, 534 U.S. 886, 122 S. Ct. 197 (2001); *Boyette*, 246 F.3d at 88. When applying this test, the Second Circuit has noted that

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: (1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? (2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? (3) If not, did the state court's decision constitute an

"unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v.*

*Taylor*, 529 U.S. 362, 1120 S. Ct. 1495 (2000) and *Francis S. v. Stone*,

221 F.3d 100, 108-09 (2d Cir. 2000)).

Because the AEDPA's restriction on federal habeas power was

premised in no small part upon the duty of state courts to uphold the

Constitution and faithfully apply federal laws, the AEDPA's exacting

review standards apply only to federal claims which have been actually

adjudicated on the merits in the state court.  *Washington v. Schriver*, 255

F.3d 45, 53-54 (2d Cir. 2001).  Specifically, as the Second Circuit

explained in *Sellan v. Kuhlman*, "[f]or the purposes of AEDPA deference,

a state court 'adjudicate[s]' a state prisoner's federal claim on the merits

when it (1) disposes of the claim 'on the merits,' and (2) reduces its

disposition to judgment."  261 F.3d 303, 312 (2001).  Significantly, the

Second Circuit further held that when a state court adjudicates a claim on

the merits, "a federal habeas court must defer in the manner prescribed

by § 28 U.S.C. 2254(d)(1) to the state court's decision on the federal claim

– even if the state court does not explicitly refer to either the federal claim

15

or to relevant federal case law."[6,7] *Sellan*, 261 F.3d at 312.

When a state court's decision is found to be decided "on the merits", that decision is "contrary to" established Supreme Court precedent if it applies a rule that contradicts Supreme Court precedent, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 120 S. Ct. at 1519-20. Moreover, a federal court engaged in habeas review must also determine not whether the state court's determination was merely incorrect or erroneous, but instead whether it was "'objectively unreasonable'". *Sellan*, 261 F.3d at 315 (quoting *Williams*, 529 U.S. at 409, 120 S. Ct. at 1521 (O'Connor, J.)). The Second Circuit has noted

---

[6]     In the past, when wrestling with interpretation and application of the AEDPA's deference standard the Second Circuit had suggested, although leaving open the question, that deference under section 2254(d) is not mandated if a state court decides a case without citing to federal law or otherwise making reference to a federal constitutional claim in a manner adequate to justify deference under AEDPA, in which case pre-AEDPA standards would apply. *Washington*, 255 F.3d at 53-55; *see also Noble*, 246 F.3d at 98. That court recently clarified in *Sellan*, however, that the question of whether or not a state court makes specific reference to a constitutional principle is not controlling.

[7]     In his opinion in *Sellan*, Chief Judge Walker acknowledged that enlightenment in state court decisions as to the manner of disposition of federal claims presented would greatly enhance a federal court's ability, on petition for habeas review, to apply the AEDPA deference standard. *Sellan*, 261 F.3d at 312. He noted, however, that a state court's failure to provide such useful guidance does not obviate a federal court's duty to make the analysis and pay appropriate deference if the federal claim was adjudicated on the merits, albeit tacitly so. *Id.*

that this inquiry admits of "[s]ome increment of incorrectness beyond error", though "the increment need not be great[.]"  *Francis S.*, 221 F.3d at 111.

C.    Voluntariness of Petitioner's Plea

In the first ground of his petition, Pelton argues that his plea was involuntary.  Although few details are offered in support of this ground, it appears to be centered upon petitioner's young age at the time of the entry of his plea, as well as the relatively brief period which passed between the time of his arrest and its entry.  This contention was presented to and rejected by the Third Department on the merits, and thus must be analyzed in the context of the AEDPA's deferential standard.

1.    Clearly Established Supreme Court Precedent

The standard governing the acceptance of guilty pleas is neither recently developed, nor controversial.  "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970)); *see also Parke v. Raley*, 506 U.S. 20, 28-29, 113 S.Ct.

17

517, 523 (1992) (plea is valid when it is both knowingly and voluntarily made); *Boykin v. Alabama*, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12 (1969) (United States Constitution requires that guilty plea be intelligently and voluntarily entered); *Oyague v. Artuz*, 393 F.3d 99, 106 (2d Cir. 2004) (citing, *inter alia*, *Boykin*).  A knowing plea is entered "'[with] understanding of the nature of the charge and the consequences of the plea.'" *Santobello v. New York*, 404 U.S. 257, 261 n.1, 92 S. Ct. 495, 498 n.1 (1971) (quoting Fed. R. Crim. P. 11); *see Martinez v. Costello*, No. 03 CIV 2763, 2004 WL 26306, at *5 (S.D.N.Y. Jan. 5, 2004) (citing *Santobello* and Rule 11).

The initial, threshold question to be addressed is the degree of deference owed to the Third Department's decision.  The responsibility for ensuring that a defendant opting to enter a guilty plea fully appreciates the consequence of that plea and the significant rights being relinquished, and that the record fully reflects that understanding, rests with the trial court contemplating acceptance of the plea.  *Hanson v. Phillips*, 442 F. 3d 789, 797 (2d Cir. 2006).  To establish that a criminal defendant's guilty plea was knowingly, intelligently and voluntarily entered the court must find, based upon the record of the relevant plea proceedings, that the

defendant 1) was competent to proceed, and was fully aware of the nature of the charges faced; 2) had a rational and factual understanding of the proceedings; and 3) was cognizant of the constitutional protections relinquished upon entering the plea. *Oyague*, 393 F.3d at 106; *Matusiak v. Kelly*, 786 F.2d 536, 543 (2d Cir. 1986).

While "the question of whether a plea of guilty has been entered voluntarily within the meaning of the Constitution is often a complex one that involves mixed questions of law and fact[,]" the ultimate issue of whether a plea represents an effective waiver of federal Constitutional rights is controlled by federal law. *Oyague*, 393 F.3d at 104. Accordingly, when engaged in that review, a federal court sitting in habeas is bound to accept factual determinations made by the state courts unless they are not supported by the record, but is not similarly bound by the legal conclusions reached by the state courts as to whether the plea was entered voluntarily. *Id.* In keeping with these precepts, the Appellate Division's determination that Pelton's guilty plea (including the partial waiver of his right to appeal) was valid, while not binding on this court, must be afforded AEDPA deference. *Hanson*, 442 F.3d at 796-97.

2. <u>Contrary to or Unreasonable Application of, Supreme</u>

19

Court Precedent

In this case, petitioner has failed to submit any evidence evincing the involuntariness which he now claims was associated with the entry of his plea. As the Third Department noted, in his plea allocution petitioner demonstrated that his plea was knowing and voluntary, having been entered in the presence of both his attorney and his mother. SCR 2. During the course of the plea allocution, petitioner was advised of the minimum sentence required for his crimes as provided under New York State law. Petitioner acknowledged his involvement in the crime for which he was pleading guilty during the allocution, and stated that he was satisfied with the representation of his counsel. SCR 5.

Based upon these circumstances, I recommend a finding that the Third Department's determination regarding the voluntariness of petitioner's plea was neither contrary to an unreasonable application of clearly established Supreme Court precedent.

D.     Ineffective Assistance of Counsel

In his second ground for seeking federal habeas relief, petitioner challenges the constitutional sufficiency of the representation received by him prior to and in connection with his guilty plea. Pelton maintains that

his attorney did not undertake any investigation to determine the facts of his case, or to interview anyone familiar with the incident, further asserting "[n]or does it appear from the record that defense counsel received any materials required in preparation of this matter."  Petition (Dkt. No. 1) ¶ 12(B).  This ground was presented to but rejected by the Third Department, who noted that during his plea colloquy Pelton stated that he was satisfied with the representation received from his attorney, and further observing that Pelton "makes no claim that what he now perceives as counsel's lack of preparation played any role in the decision to plead guilty."  *Pelton*, 289 A.D.2d at 698, 733 N.Y.S.2d at 654-55.  The Third Department's determination that petitioner did not receive ineffective assistance of counsel is thus entitled to deference under the AEDPA.

### 1.    Clearly Established Supreme Court Precedent

Under the well-established standard governing such claims, in order to prevail on an ineffective assistance of counsel claim a petitioner must show both that 1) his or her counsel's performance was deficient, in that it failed to conform to an objective, reasonableness threshold minimum level, and 2) that deficiency caused actual prejudice to the defense, in that the petitioner was effectively deprived of a fair trial, the results of which

were reliable. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct.

2052, 2064 (1984); *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005),

*cert. denied*, 126 S. Ct. 1363 (2006).

To be constitutionally deficient, the attorney's conduct must fall

"outside the wide range of professionally competent assistance."

*Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Greiner*, 417 F.3d at 319

(citing *Strickland*). An attorney's performance is judged against this

standard in light of the totality of the circumstances and from the

perspective of counsel at the time of trial, with every effort being made to

"eliminate the distorting effects of hindsight[.]" *Strickland*, 466 U.S. at 689,

104 S. Ct. at 2065; *Greiner*, 417 F.3d at 619 (citing *Strickland*). When

reviewing an attorney's performance against this backdrop, a court will

generally indulge in a presumption that constitutionally adequate

assistance has been rendered, and significant decisions have been made

through the exercise of sound professional judgment to which "a heavy

measure of deference" is afforded. *Strickland*, 466 U.S. at 691, 104 S. Ct.

at 2066; *Greiner*, 417 F.3d at 319 (citing *Strickland*).

Addressing the second prong of the *Strickland* test, courts have

generally held that prejudice is established by showing that there is a

"reasonable probability" that but for the deficiency "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

   2. <u>Contrary to, or Unreasonable Application of, Supreme Court Precedent</u>

   Petitioner's claims regarding the deficiencies in his attorney's performance must be judged against the backdrop of well-established authority placing the burden squarely upon Pelton to prove the basis for federal intervention. *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir.), *cert. denied*, 513 U.S. 966, 115 S. Ct. 432 (1994). In this instance, petitioner's arguments overlook a plea colloquy in which he admitted his complicity in the incident involved and his guilt of the crime for which he was convicted. Petitioner's conclusory allegations fail to disclose what discovery should have been engaged in by his counsel prior to the entry of his plea, and what information would have been yielded. Having entered a plea of guilty, in order to sustain the burden of establishing prejudice under the second prong of the *Strickland* test a petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985) (footnote omitted).

The record in this case reflects petitioner's failure to establish that had his attorney effectively represented him, he likely would not have likely accepted the favorable plea bargain which called for a minimum sentence allowable for a conviction for murder in the second degree. Having reviewed the record in the face of the Third Department's determination, which is entitled to substantial deference, to the effect that petitioner received constitutionally adequate representation, I recommend denial of this ground.

IV.   <u>SUMMARY AND RECOMMENDATION</u>

In support of his request for federal habeas relief, petitioner offers two grounds, both of which were rejected by the state courts, both as procedurally forfeited and on the merits.  Having reviewed the record I find that consideration of those two grounds is in fact precluded by virtue of petitioner's procedural default, and additionally that in any event, applying the requisite deferential standard to the applicable state court rulings, they should be rejected on the merits.

Based upon the foregoing, it is hereby

RECOMMENDED that the petition in this matter be DENIED and DISMISSED in its entirety.

24

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated:      June 20, 2006
            Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\habeas corpus\pelton.wpd

25