UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GREGORY PELTON,

        Petitioner,

-against-                               9:03-CV-0004
                                                  (LEK/DEP)

GEORGE DUNCAN,
Superintendent

        Respondent.

## DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on June 20, 2006, by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 14). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Petitioner Pelton, which were filed on August 11, 2006. Objections (Dkt. No. 16).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.[1]

---

[1]The Court notes several errors, which do not, however, impact materially upon the content of the Report-Recommendation. First, Pelton, cited on page 4, is incorrectly cited as 289 A.D. 697, but the correct citation is 289 A.D.2d 697. Secondly, Velasquez, cited on page 9, is incorrectly cited

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 14) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Petitioner's habeas petition (Dkt. No. 1) is **DENIED**[2] and **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    September 26, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

as 989 F.2d 7, but the correct citation is 898 F.2d 7. Third, Coleman, cited on page 9, is incorrectly cited as 508 U.S. at 735, but the correct citation is 501 U.S. at 735. Fourth, Artuz, cited on page 15, is incorrectly cited as 1120 S. Ct. 1495, but the correct citation is 120 S. Ct. 1495. Fifth, Greiner, cited on page 22, is incorrectly cited as 417 F.3d at 619, but the correct citation is 417 F.3d at 319. The Court also notes that the citation to House, left blank on page 10, should now be cited as 126 S. Ct. 2064. Report-Rec. (Dkt. No. 14) at 4, 9–10, 15, 22.

[2] To the extent that the Court believes Petitioner to be requesting an evidentiary hearing, that request is denied. Report-Rec. (Dkt. No. 16) at 6. The Court notes that in adopting the Report-Recommendation, the Court agrees with Judge Peebles' conclusion that Petitioner's counsel was not constitutionally ineffective. Report-Rec. (Dkt. No. 14) at 20–24. As such, the Court finds that an evidentiary hearing is inappropriate in the instant case. See Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998).